

Gregg L. Zeff, Esquire
Eva Zelson, Esquire
Derek J. Demeri, Esquire
*Member of PA and NJ Bars*

100 Century Parkway, Suite 160
Mt. Laurel, NJ 08054
p: (856) 778-9700
f: (609) 534-0992
zefflawfirm.com

July 8, 2022

**Via Overnight Mail**

Administrator David W. Richards
Garden State Youth Correctional Facility
P.O. Box 11401
Yardville, New Jersey 08620

Re: **Inmate Demi Minor's Housing Contrary to Her Gender Identity**

Dear Administrator Richards:

This firm represents Demi Minor (#494475E), a transgender[1] inmate currently housed at Garden State Youth Correctional Facility ("GSYCF"), in connection to her recent transfer to the facility from Edna Mahan Correctional Facility for Women ("EMCFW"). Ms. Minor's current housing status at a men's facility violates her civil rights and unnecessarily exposes Ms. Minor to significant risks to her physical and mental health. For the reasons that follow, Ms. Minor should immediately be transferred to a housing facility consistent with her gender identity.

---

[1] As defined in the NJ Department of Corrections ("NJDOC") Internal Management Procedure on Transgender, Intersex and Non-Binary Inmates:

> **Transgender** means people whose gender identity and/or expression is different from cultural expectations based on the gender they were assigned at birth. Being transgender does not imply any specific sexual orientation. Therefore, transgender people may identify as straight, gay, lesbian, bisexual, etc. This term is an adjective. Using this term as a verb (i.e., transgendered) or noun (i.e., transgenders) is offensive and should be avoided.

Page 1

Based on representations made to the undersigned, Ms. Minor was transferred from EMCFW to GSYCF on June 24, 2022 because she "has expressed a desire to be housed in a men's facility, and either has changed or has a desire to change her gender identity." To be clear, *__Ms. Minor denies ever expressing such desires, presently identifies as female, and presently feels unsafe being housed in a men's facility with other men__*. A large array of studies exist which describe the vulnerable status transgender women have in men's correctional facilities, including increased risk of physical violence, sexual assaults, and self-harm.[2]

Regardless of the circumstances that led to Ms. Minor's transfer, steps should immediately be taken to rectify her housing status so that it properly aligns with her gender identity. According to the NJDOC Internal Management Procedure on Transgender, Intersex and Non-Binary Inmates:

> Once the NJDOC learns and confirms an inmate's gender identity, using the procedures laid out in this document, it shall determine the inmate's facility and housing unit assignment, with a presumption that the inmate will be housed in line with their gender identity. The PREA Accommodation Committee (PAC) may deviate from the presumptive placement after an individualized determination and upon written certification that the placement would jeopardize the inmate's health and safety. When making such determinations, the inmate's own views with respect to their safety shall be given serious consideration.

[Pgs. 3-4.]

Such procedures include a meeting between the Institutional PREA Compliance Manager and transgender inmate, and completion of the PREA Accommodation Committee Gender Identity Information form. *Id.* At present, it is unclear what procedures NJDOC followed to conclude Ms. Minor sought to change her gender identity or seek housing in a men's facility.

---

[2] *See, e.g.*, https://www.ncchc.org/transgender-and-gender-diverse-health-care.



Moreover, since Ms. Minor was transferred to GSYCF, she has had limited or inconsistent access to gender-affirming care. This has included missed hormone replacement therapy, make-up, and gender-affirming undergarments. Any decisions related to Ms. Minor's medical care, including her participation in any gender-affirming surgeries, **must** be made in consultation with medical experts.

Please note that a plaintiff who proves that their civil rights have been violated is entitled to compensation including compensatory damages, punitive damages, and attorney's fees. If fully litigated, this matter will result in significant attorney's fees. Ms. Minor has already significantly suffered emotionally as a result of NJDOC's illegal practices and prolonged violation of her rights will unnecessarily add significant emotional distress damages to this matter.

Accordingly, to prevent further harm to Ms. Minor, and to avoid the unnecessary cost of litigation, NJDOC shall immediately cease housing Ms. Minor contrary to her gender identity and ensure she receives appropriate gender-affirming care. Furthermore, NJDOC is hereby instructed not to delete nor modify any potentially relevant document or thing, and to fully preserve, all electronic content and communications, including but not limited to social media accounts, texts, emails and voice messages.

Very truly yours,

*/s/ Derek J. Demeri*
Derek J. Demeri, Esq.

Pronouns: he/him or they/them
ddemeri@glzefflaw.com

CC:  Victoria L. Kuhn, Esq., Acting Commissioner, NJDOC <victoria.kuhn@doc.nj.gov>
     Terry Schuster, Esq., Ombudsperson, Office of the Corrections Ombudsperson
        <info@oco.nj.gov>

*[handwritten: read by Dem. 7/20/22]*

Page 3